**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| THE CONTINENTAL INSURANCE COMPANY : | |
|     Plaintiff, : | |
| : | |
| v. : | |
| : | CIVIL ACTION NO. |
| CYPRUS AMAX MINERALS COMPANY AND : | |
| AMAX METALS RECOVERY, INC. : | |
|     Defendants. : | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, The Continental Insurance Company ("Continental"), brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201, and alleges as follows:

**INTRODUCTION**

Continental seeks declaratory relief concerning its rights and obligations in connection with a series of primary level general liability policies ("the Policies") issued to Amax, Inc. ("Amax"), a predecessor of Defendant Cyprus Amax Minerals Company ("CAMC"), from 1975 to 1986 with respect to claims asserted against Defendant Amax Metals Recovery, Inc. ("AMR"), a subsidiary of Amax/CAMC, alleging asbestos exposure arising out of conditions at a former AMR facility in Braithwaite, Louisiana, referred to herein as "the Braithwaite Facility." The claims at issue allege such asbestos exposure and resulting injury over time, including during the time period the Policies were in effect.

These claims all arise out of the continuous or repeated exposure to substantially the same general conditions – the presence of asbestos fibers in the air at the Braithwaite Facility. Continental seeks a declaration that all claims alleging injury arising out of that common exposure at the Braithwaite Facility present a single occurrence under the Policies for which, under each

Policy, a single each occurrence limit is available, without regard to the number of claimants alleging injury.

## THE PARTIES

1. Continental is an insurance company organized under the laws of Pennsylvania with a principal place of business in Illinois.

2. Between 1975 and 1986 Continental issued a series of primary general liability insurance policies to Amax. The first two such policies were issued to Amax in New York. The remaining policies were issued to Amax at its corporate headquarters in Greenwich, Connecticut.

3. On information and belief, Defendant CAMC is the successor to Amax, the named insured on the Policies, by way of a 1993 merger between Amax and Cyprus Minerals Company under which CAMC was the surviving corporate entity.

4. On information and belief, defendant CAMC is a corporation organized under the laws of the State of Delaware with a principal place of business in Arizona.

5. Defendant AMR, on information and belief, was a direct or indirect wholly owned subsidiary of Amax, is now a direct or indirect wholly owned subsidiary of CAMC and is a corporation organized under the laws of the State of Delaware with a principal place of business in Arizona.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C § 1332(a)(1) as this action involves a controversy between citizens of different states and the amount in controversy is in excess of the jurisdictional minimum of $75,000.00, exclusive of costs and interests.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the insurance coverage claims at issue in this action occurred in this District.

8. This Court has personal jurisdiction over the Defendants in this matter because, inter alia, Policies at issue were issued to Amax and AMR at Amax's corporate headquarters in Greenwich, Connecticut at a time when Amax was a citizen of the State of Connecticut.

## FACTUAL BACKGROUND

### A. The Braithwaite Facility

9. On information and belief, Amax formed a subsidiary in or about 1971 to operate a nickel refinery or processing facility in Braithwaite, Louisiana (the Braithwaite Facility). On information and belief, this subsidiary was originally called Amax Nickel Refining Company Inc. but later changed its name to AMR.

10. Amax and/or AMR purchased the Braithwaite Facility real estate in or about 1972 and began operating the Braithwaite Facility in or about 1974 and continued operating until approximately 2000, when the Braithwaite Facility's operation ceased.

11. The claims at issue allege that the plant processes and equipment present and used by CAMC and/or AMR at the Braithwaite Facility included the use of asbestos containing materials.

### B. The Braithwaite Asbestos Claims

12. Numerous claims alleging bodily injury arising out of substantially the same general asbestos conditions at the Braithwaite Facility have been asserted against CAMC and/or AMR. Additional such claims may be asserted in the future.

13. Continental has participated in the defense and settlement of several such claims as insurer for Amax and AMR under one or more of the Policies.

14. Attached as Exhibit A is a list of settled claims with respect to which Continental has paid or contributed to such settlement. These claims are referred to herein as the "Settled Braithwaite Asbestos Claims."

15. Attached as Exhibit B is a list of the currently open and unsettled Braithwaite Asbestos Claims, referred to herein as the "Open Braithwaite Asbestos Claims."

16. In each of the Settled Braithwaite Asbestos Claims and the Open Braithwaite Asbestos Claims, the plaintiff makes the following or substantially similar allegations:

- Amax Metals Recovery, Inc., f/k/a Amax Nickel, Inc., f/k/a Amax Nickel Refining Company, Inc. failed to provide a safe workplace free from the dangers of asbestos.

- The Braithwaite Facility was unreasonably dangerous due to the presence of asbestos-containing products arising out of which the plaintiff was exposed to asbestos-containing dust.

- The plaintiff suffered bodily injuries directly and proximately caused by or arising out of exposure to the asbestos conditions present at the Braithwaite Facility.

17. The underlying plaintiffs in the Settled Braithwaite Asbestos Claims each allege bodily injury arising out of exposure to asbestos conditions at the Braithwaite Facility during some or all of the time period from the mid-1970s to the 1990s, the time period during which the Braithwaite Facility was in operation.

18. The underlying plaintiffs in the Open Braithwaite Asbestos Claims each allege bodily injury arising out of exposure to asbestos conditions at the Braithwaite Facility during some or all of the time period from the mid-1970s to the 1990s, the time period during which the Braithwaite Facility was in operation.

4

19. Continental participated in the defense of the Settled Braithwaite Asbestos Claims and has paid its applicable share of the settlements made of the Settled Braithwaite Asbestos Claims.

20. Continental is participating in AMR's defense of the Open Braithwaite Asbestos Claims.

### C. The Patel Asbestos Claim

21. Ryan Patel is the plaintiff in one of the Open Braithwaite Asbestos Claims. Like the other Open Braithwaite Asbestos Claim Plaintiffs, Mr. Patel has asserted claims arising out of the asbestos conditions at the Braithwaite Facility against AMR in pending Louisiana state court litigation entitled *Ryan Patel v. Taylor-Seidenbach, Inc., et al,* C.D.C. No. 2023-8455 ("Patel Claim").

22. Patel alleges bodily injury arising out of his father's exposure to the asbestos conditions at the Braithwaite Facility. In particular, Mr. Patel alleges that his father was exposed to those asbestos conditions and that such exposure resulted in Patel's own asbestos exposure and resulting bodily injury.

23. Patel alleges that his exposure to asbestos from the Braithwaite Facility occurred from approximately 1980 – 1994.

24. Patel claims that as a direct and proximate cause of asbestos exposure arising out of conditions at the Braithwaite Facility, he contracted and was diagnosed with mesothelioma on or about January 2023.

25. Continental is participating in AMR's defense of the Patel Claim.

### D. The Continental Policies

26. Amax purchased primary level liability insurance from Continental between approximately 1975 and 1986. A schedule listing those Policies is attached as Exhibit C. The attached schedule includes, for each listed Policy, the dates during which it was in effect and the Policy's each occurrence limit of liability.

27. The Policies each include certain Amax subsidiaries, including AMR, as insureds with insurance coverage rights under the Policies.

28. Regardless of the number of injured claimants that assert a claim against an insured, the Policies include only a single each occurrence limit for all bodily injury arising out of continuous or repeated exposure to substantially the same conditions at the Braithwaite Facility. The Policies each contain the following or substantially similar language:

> **III. LIMITS OF LIABILITY**
>
> Regardless of the number of (1) Insureds under this policy, (2) persons or organizations who sustain personal injury or property damage or (3) claims made or suits brought on account of personal injury or property damage, Continental's liability is limited as follows:
>
> **COVERAGE A** - The total liability of Continental for all damages because of personal injury, including damages for care and loss of services, sustained by one or more persons or organizations as the result of any one occurrence shall not exceed the limit of personal injury liability stated in the declarations as applicable to "each occurrence."
>
> * * *
>
> For the purpose of determining the limit of Continental's liability, all personal injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

27. Continental has complied with all of its obligations and duties under the Policies with respect to the Patel Claim, the Settled Braithwaite Asbestos Claims and the Open Braithwaite Asbestos Claims.

6

29. An actual controversy exists between Continental and CAMC and/or AMR regarding the manner in which the each occurrence limits of liability of the Policies apply to the Patel Claim, the Settled Braithwaite Asbestos Claims and the Open Braithwaite Asbestos Claims.

### COUNT I
(Declaratory Judgement – Single Occurrence – Settled Braithwaite Asbestos Claims)

30. Continental incorporates paragraphs 1 through 29 as if fully set forth herein.

31. The Policies expressly state that "[bodily] injury . . . arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence."

32. The Settled Braithwaite Asbestos Claims each seek damages for bodily injury arising out of the continuous or repeated exposure to the same general asbestos conditions at the Braithwaite Facility.

33. Under the terms of the Policies, the asbestos conditions at the Braithwaite Facility constitute a single occurrence for which a single each occurrence limit of liability is available under each of the Policies.

34. Settled Braithwaite Asbestos Claims all seek damages for bodily injury caused by that same single occurrence.

35. Continental is entitled to judgment declaring that (a) its limit of liability with respect to the Settled Braithwaite Asbestos Claims under each of the Policies is a single each occurrence limit of liability under each of the Policies and (b) settlement payments made by Continental with respect to those Claims erode that limit of liability.

## COUNT II
(Declaratory Judgment – Single Occurrence – Patel Claim)

36. Continental incorporates paragraphs 1 through 35 as if fully set forth herein.

37. The Patel Claim seeks damages for bodily injury arising out of the same continuous or repeated exposure to general asbestos conditions at the Braithwaite Facility as the Settled Braithwaite Asbestos Claims.

38. The Patel Claim seeks damages for bodily injury caused by the same single occurrence as caused the bodily injury at issue in the Settled Braithwaite Asbestos Claims.

39. Continental is entitled to judgment declaring that (a) its limit of liability with respect to the Patel Claim under each of the Policies is a same single each occurrence limit of liability available under each of the Policies with respect to the Settled Braithwaite Asbestos Claims, (b) any settlement payments made by Continental with respect to the Patel Claim erode that limit of liability and (c) Continental's obligation to contribute to any settlement of the Patel Claim under any of the Policies do not exceed that Policy's each occurrence limit of liability.

## COUNT III
(Declaratory Judgment – Exhaustion)

40. Continental incorporates paragraphs 1 through 39 as if fully set forth herein.

41. Continental's duty to defend and duty to indemnify are expressly subject to and limited by the applicable limit of liability set forth in each of the Policies.

42. The Open Braithwaite Asbestos Claims each seek damages for bodily injury arising out of the same continuous or repeated exposure to general asbestos conditions at the Braithwaite Facility as the Settled Braithwaite Asbestos Claims and the Patel Claim.

43. The Open Braithwaite Asbestos Claims seek damages for bodily injury caused by the same single occurrence as caused the bodily injury at issue in the Settled Braithwaite Asbestos

Claims and in the Patel Claim. This occurrence is referred to herein as "the Braithwaite Facility Occurrence."

44. Continental is entitled to judgment declaring that upon exhaustion by payment of the limit of liability applicable to the Braithwaite Facility Occurrence under any one of the Policies, Continental has no further defense or indemnity obligations under that Policy with respect to the Patel Claim, the Open Braithwaite Asbestos Claims and/or any future claims arising out of the Braithwaite Facility Occurrence.

**COUNT IV**
(Declaratory Judgment – Allocation)

45. Continental incorporates paragraphs 1 through 44 as if fully set forth herein.

46. Under each of the Policies, Continental is responsible for payment only its *pro rata*, time on the risk share of AMR and/or CAMC defense costs and indemnity expenses with respect to the Open Braithwaite Claims.

47. Upon exhaustion of the each occurrence limit of liability under any of the Policies, (a) Continental has no further liability for the share of defense and indemnity expenses allocable to that Policy arising out of that same occurrence and (b) liability for payment of that share of defense and indemnity expense transfers to AMR and/or CAMC.

48. An actual controversy exists between Continental and AMR and/or CAMC regarding the impact of exhaustion of any one or more of the Continental Policies on Continental's defense and indemnity obligation to AMR and/or CAMC under unexhausted Continental Policies with respect to the Open Braithwaite Claims and any future Braithwait claims.

49. Continental is entitled to judgment declaring that upon exhaustion of its pro rata share of the each occurrence limit under any of the Continental Policies, Continental has no further defense or indemnity obligations under such Policies with respect to the Patel Claim, the Open

Braithwaite Asbestos Claims and/or any future claims arising out of the Braithwaite Facility Occurrence.

## RELIEF REQUESTED

**WHEREFORE**, The Continental Insurance Company respectfully requests that this Court grant the following relief:

1. Issue a declaration in favor of Continental that the Settled Braithwaite Asbestos Claims, the Patel Claim, and the Open Braithwaite Asbestos Claims all arise out of a single occurrence (the Braithwaite Facility Occurrence) for which a single each occurrence limit of liability is available under each of the Policies;

2. Issue a declaration in favor of Continental that any future claims against Amax and/or AMR arising out of the Braithwaite Facility Occurrence are subject to the same single per Policy each occurrence limit of liability as the Settled Braithwaite Asbestos Claims, the Patel Claim, and the Open Braithwaite Asbestos Claims;

3. Issue a declaration in favor of Continental that upon exhaustion by payment of the limit of liability applicable to the Braithwaite Facility Occurrence under any one of the Policies, Continental has no further defense or indemnity obligations under that Policy with respect to the Patel Claim, the Open Braithwaite Asbestos Claims and/or any future claims arising out of the Braithwaite Facility Occurrence;

4. Issue a declaration in favor of Continental that under each Continental Policy, Continental is not responsible for paying more than its *pro rata* share, up to the each occurrence Policy limit, for all claims arising out of the Braithwaite Facility Occurrence;

5. Award Continental its reasonable attorneys' fees, costs and expenses incurred in this action; and

6.  Grant such other and further relief in favor of Continental as the Court finds just and appropriate.

                                            **THE CONTINENTAL INSURANCE COMPANY,**
                                            By its attorneys,

                                            */s/ Kevin J. O'Connor*
                                            Kevin J. O'Connor, ct29097
                                            kevin.oconnor@clydeco.us
                                            CLYDE & CO US LLP
                                            265 Franklin Street, Suite 802
                                            Boston, MA  02110
Dated:  January 2, 2026                (617) 728-0050